**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| Jeremy John Wells, | ) | |
| | ) | |
| Plaintiff, | ) | Civ. Action No. 6:15-1344-MBS-KFM |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Director Brian Sterling; | ) | |
| Warden Bernard McKey; | ) | |
| Nurse McIntyre; | ) | |
| Nurse Simmons; | ) | |
| Warden Willie Eagleton; | ) | |
| South Carolina Department | ) | |
| of Corrections; Medical | ) | |
| Department at Kirkland R&E, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Jeremy John Wells ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action against the above named defendants ("Defendants") pursuant to 42 U.S.C. § 1983.

**I. Factual and Procedural Background**

Plaintiff entered a guilty plea to second degree non-violent burglary, grand larceny, financial identity fraud, and forgery on April 10, 2013, in the Spartanburg County Court of General Sessions. Plaintiff was sentenced to five years on each count with the sentences to run concurrently. *See* ECF No. 1-2. Plaintiff contends in the within action that (1) after drawing blood from other inmates, Defendant McIntyre did not change her medical gloves before drawing blood from Plaintiff and did so "with deliberate indifference" to Plaintiff's health, thereby violating Plaintiff's constitutional rights, and (2) that Plaintiff's constitutional "right to due process" was violated by various employees of the South Carolina Department of Corrections (SCDC) when the SCDC calculated his

1

sentence start date as April 10, 2013, rather than giving him credit for time served starting on February 3, 2012. *See generally* ECF No. 1. Plaintiff asserts that he attempted to correct this alleged error multiple times to no avail by notifying SCDC staff, including Defendant Sterling. *Id*. at 4.

In accordance with 28 U.S.C. § 636(b) (2012) and Local Civil Rule 73.02 (D.S.C.), the matter was referred to United States Magistrate Judge Kevin McDonald for a Report and Recommendation. The Magistrate Judge reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 (2012). The Magistrate Judge filed his Report and Recommendation on March 30, 2015. ECF No. 9. The Magistrate Judge first determined that SCDC and the Medical Department at Kirkland R&E were not proper parties for suit, the former because of immunity conferred by the Eleventh Amendment and the latter because it is not a "person" subject to suit. *Id*. at 2-3. With respect to Plaintiff's allegations about the failure to change medical gloves, the Magistrate Judge concluded that Plaintiff had not alleged any injury and, therefore, was not entitled to relief pursuant to § 1983. *Id.* at 3. With regard to the error Plaintiff alleges in his sentence calculation, the Magistrate Judge observed that Plaintiff's available relief was an action for a writ of habeas corpus and that any such action was mooted by Plaintiff's release from SCDC custody. *Id*. at 4-5; *see also* ECF No. 24 (6:15-cv-703) (this court's order denying Plaintiff's habeas corpus petition as moot because of his release on March 11, 2015, from state custody). Accordingly, the Magistrate Judge recommended that the complaint be summarily dismissed without prejudice and without service of process.

On April 14, 2015, Plaintiff filed objections to the Report and Recommendation. ECF No. 12. On the same day, Plaintiff filed a motion to amend his complaint to remove SCDC and the

Medical Department at Kirkland R&E as defendants because "Plaintiff erred in naming them as defendants and wishes them to be removed from suit." ECF No. 11. Plaintiff's motion to amend the complaint is hereby **granted**. The court considers Plaintiff's objections to the Report and Recommendation below.

## II. Discussion

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Matthews v. Weber*, 423 U.S. 261, 270 (1976). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1) (2012).

Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff's allegations about failure to change medical gloves do not specifically describe an ascertainable injury. Plaintiff writes, without providing citations, that "some courts have ruled that deliberate indifference [to a serious medical need] cases need not allege harm but merely have the potential to cause harm." ECF No. 12 at 1 (emphasis in the original). Plaintiff alleges that "the actions of Nurse McIntyre could very well have caused harm . . . ." *Id*. Notwithstanding that "some courts" may permit Plaintiff's claim of potential harm, the law in this circuit is clear: "a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions . . . . If a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of

3

the [Eighth] Amendment." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993). The mere possibility that Plaintiff could have been injured by the alleged failure of the nurse to change her medical gloves cannot constitute a concrete injury to Plaintiff. Without injury, Plaintiff "simply has not been subjected to cruel and unusual punishment" which could form the basis of a cognizable § 1983 claim. Plaintiff's § 1983 claim relating to the medical gloves is dismissed without prejudice and without service of process.

Plaintiff also objects to the Magistrate Judge's conclusion that the alleged error by SCDC in calculating Plaintiff's prison sentence is not the proper subject of a § 1983 action. Plaintiff argues that he is not seeking "release from confinement but monetary compensation for loss of liberty" and, therefore, that the Magistrate Judge's focus on a writ of habeas corpus as the proper remedy is misplaced. ECF No. 12 at 1-2. Plaintiff also disputes the Magistrate Judge's characterization of the state court sentencing documents as "ambiguous." *Id.* According Plaintiff's allegations a liberal construction, *see Erikson v. Pardus*, 551 U.S. 89, 90-95 (2007), Plaintiff appears to raise a claim of wrongful imprisonment. Plaintiff's case is similar to that considered by the Fourth Circuit in *Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008), where an inmate who had been released from custody brought a § 1983 claim seeking damages for allegedly wrongful past confinement. *Id.* at 263-64. The plaintiff in *Wilson* alleged that his sentence was improperly extended by four months and that, despite filing grievances with prison officials, no administrative or other proceedings were ever initiated to resolve his complaints. *Id.* The district court in *Wilson* dismissed the § 1983 action. *Id.* at 262. The Fourth Circuit, however, reversed, and held that a § 1983 claim seeking damages for past confinement was permissible to allow a habeas ineligible former prisoner to seek redress for the alleged denial of his freedom. *Id.* at 268. As in *Wilson*, dismissing Plaintiff's claim in this case

"would leave him without access to any judicial forum in which to seek relief for his alleged wrongful imprisonment." *Id*. at 268. Therefore, the court declines to summarily dismiss Plaintiff's claim for wrongful imprisonment.

### III. Conclusion

Based on the foregoing, the court **grants** Plaintiff's motion to remove SCDC and the Medical Department at Kirkland R&E as defendants (ECF No. 11). The court summarily **dismisses** Plaintiff's medical glove claim without prejudice and without service of process. The court, however, declines to dismiss Plaintiff's wrongful imprisonment claim and authorizes the service of process. This matter is hereby recommitted to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, S.C.
May 20, 2015