IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

Jeremy John Wells, #  11617-033,       )
                                        )
                                        )    Civil Action No. 6:15-1344-MBS-KFM
                         Plaintiff,     )
                                        )    **REPORT OF MAGISTRATE JUDGE**
        vs.                             )
                                        )
Director Brian Sterling;               )
Warden Bernard McKey;                   )
Nurse McIntyre;                         )
Nurse Sermions;                         )
Warden Willie Eagleton, *Evans*         )
*Correctional Institution*;             )
~~South Carolina Department of~~        )
~~Corrections~~,                        )
~~Medical Department at Kirkland R&E~~, )
                                        )
                                        )
                         Defendants.    )
_____)

        This is a civil rights action filed by a person formerly confined at a state prison

facility in South Carolina.  The plaintiff is now at a federal prison in Illinois.

        The above-captioned case is on remand from the district court.  In an order

(doc. 15) filed in this case on May 20, 2015, the Honorable Margaret B. Seymour, Senior

United States District Judge, adopted, in part, the Report and Recommendation filed in this

case on  March 30, 2015.  The district court dismissed the plaintiff's "medical glove  claim"

*without prejudice* and dismissed two defendants, but declined to dismiss the plaintiff's

wrongful imprisonment claims.

        In an order (doc. 21) filed in this case on May 21, 2015, the undersigned

directed the plaintiff to submit Forms USM-285.  The plaintiff has done so (doc. 23).  In a

separately-filed order, the undersigned is authorizing service of process upon defendants

Stirling, McKey, and Eagleton, who are the relevant defendants with respect to the plaintiff's wrongful imprisonment claims.

Although Judge Seymour's order of May 20, 2015, dismissed the plaintiff's "medical glove claim" *without prejudice*, the two nurses still appear as defendants on the docket sheet of this case. There is no allegation in the complaint that the two nurses were involved in the calculation of the plaintiff's release date or in the plaintiff's wrongful imprisonment. *See Smith v. Beasley*, Civil Action Nos. 0:07-1641-HFF-BM and 0:07-1642-HFF-BM, 2007 WL 2156632, at *2 (D.S.C., July 25, 2007) (adopting magistrate judge's Report and Recommendation collecting cases holding that a plaintiff suing a government official in his or her individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right).

In light of the district court's order of May 20, 2015, which dismissed the plaintiff's "medical glove claim" *without prejudice*, it is recommended that the district court dismiss Nurse McIntyre and Nurse Sermions *without prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.

June 2, 2015                              s/ Kevin F. McDonald
Greenville, South Carolina                United States Magistrate Judge

2

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).