#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF SOUTH CAROLINA
#### GREENVILLE DIVISION

| | | |
|---|---|---|
| Jeremy John Wells, | ) | |
| | ) | |
| Plaintiff, | ) | Civ. Action No. 6:15-1344-MBS-KFM |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Director Brian Sterling; | ) | |
| Warden Bernard McKey; | ) | |
| Nurse McIntyre; | ) | |
| Nurse Simmons; | ) | |
| Warden Willie Eagleton; | ) | |
| South Carolina Department | ) | |
| of Corrections; Medical | ) | |
| Department at Kirkland R&E, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Jeremy John Wells ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action against the above named defendants ("Defendants") pursuant to 42 U.S.C. § 1983.

### I. Factual and Procedural Background

Plaintiff contends in the within action that (1) his constitutional rights were violated when his blood was drawn with allegedly improper use of medical gloves, and (2) that his constitutional "right to due process" was violated by various employees of the South Carolina Department of Corrections ("SCDC") when the SCDC calculated his sentence start date as April 10, 2013, rather than giving him credit for time served starting on February 3, 2012. *See generally* ECF No. 1. Plaintiff asserts that he attempted to correct this alleged error multiple times to no avail by notifying SCDC staff, including Defendant Sterling. *Id*. at 4.

In accordance with 28 U.S.C. § 636(b) (2012) and Local Civil Rule 73.02 (D.S.C.), the

matter was referred to United States Magistrate Judge Kevin McDonald for a Report and Recommendation. The Magistrate Judge reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 (2012). The Magistrate Judge filed his Report and Recommendation on March 30, 2015. ECF No. 9. The Magistrate Judge first determined that SCDC and the Medical Department at Kirkland R&E were not proper parties for suit, the former because of immunity conferred by the Eleventh Amendment and the latter because it is not a "person" subject to suit. *Id*. at 2-3. With respect to Plaintiff's allegations about the failure to change medical gloves, the Magistrate Judge concluded that Plaintiff had not alleged any injury and, therefore, was not entitled to relief pursuant to § 1983. *Id.* at 3. With regard to the error Plaintiff alleges in his sentence calculation, the Magistrate Judge observed that Plaintiff's available relief was an action for a writ of habeas corpus and that any such action was mooted by Plaintiff's release from SCDC custody. *Id*. at 4-5; *see also* ECF No. 24 (6:15-cv-703) (this court's order denying Plaintiff's habeas corpus petition as moot because of his release on March 11, 2015, from state custody). Accordingly, the Magistrate Judge recommended that the complaint be summarily dismissed without prejudice and without service of process.

On April 14, 2015, Plaintiff filed objections to the Report and Recommendation. ECF No. 12. On the same day, Plaintiff filed a motion to amend his complaint to remove SCDC and the Medical Department at Kirkland R&E as defendants because "Plaintiff erred in naming them as defendants and wishes them to be removed from suit." ECF No. 11. Plaintiff's motion to amend the complaint was granted on May 20, 2015. ECF No. 15. This court reviewed the remainder of the Report and Recommendation in light of Plaintiff's objections and adopted it in part. *Id*. The court dismissed plaintiff's first cause of action, the claim relating to the use/non-use/improper use of

2

medical gloves, without prejudice and without service of process. *Id*. The matter was recommitted to the Magistrate Judge for further proceedings on Plaintiff's wrongful imprisonment claim. *Id*.

On June 2, 2015, the Magistrate Judge filed a second Report and Recommendation recommending the dismissal of Defendants Nurse McIntye and Nurse Simmons because this court dismissed Plaintiff's medical glove claim and because there is no allegation in the complaint that either Defendant was involved in activity giving rise to Plaintiff's alleged wrongful imprisonment. ECF No. 27. Plaintiff was required to file any objections to the Report and Recommendation within 14 days. Plaintiff did not file any objections.

## II. Discussion

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Matthews v. Weber*, 423 U.S. 261, 270 (1976). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1) (2012). However, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quotations and citation omitted). The court has reviewed the record and concludes that there is no clear error in the Magistrate Judge's Report and Recommendation.

### III. Conclusion

Based on the foregoing, the court adopts and incorporates herein by reference the Report and Recommendation of the Magistrate Judge. ECF No. 27. The court dismisses without prejudice and without service of process Plaintiff's claims against Nurses McIntyre and Simmons.

**IT IS SO ORDERED.**

                                                                          s/ Margaret B. Seymour
                                                                         Margaret B. Seymour
                                                                         Senior United States District Judge

Columbia, S.C.
June 24, 2015