IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Jeremy John Wells,                      )
                                        )
                    Plaintiff,          )       Civ. Action No. 6:15-1344-MBS
                                        )
            v.                          )
                                        )       **ORDER AND OPINION**
Director Brian Sterling;                )
Warden Bernard McKey;                   )
Warden Willie Eagleton;                 )
                                        )
                    Defendants.         )
_____)

Plaintiff Jeremy John Wells ("Plaintiff") is an inmate in custody of the Bureau of Prisons who currently is housed at USP-Marion in Marion, Illinois. At the time of the underlying events, Plaintiff was an inmate in custody of the South Carolina Department of Corrections (SCDC). He was housed at Evans Correctional Institution (ECI) in Bennettsville, South Carolina. Plaintiff, proceeding *pro se* and *in forma pauperis*, alleges he was detained beyond his maximum sentence because Defendants Brian Sterling and Bernard McKey ("Defendants") erred in calculating his release date. Plaintiff seeks damages pursuant to 42 U.S.C. § 1983.[1]

This matter is before the court on Defendants' motion for summary judgment, filed July 30, 2015. ECF No. 35. Defendants argue, among other things, that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies prior to bringing his claim. By order filed August 3, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. On August, 10, 2015, Plaintiff submitted a response in opposition to Defendants' motion for summary judgment. ECF No. 41. Defendants filed a reply on August 24,

_____

[1] Other claims and Defendants were dismissed on May 20, 2015, ECF No. 15; and June 24, 2015, ECF No. 32.

2015.  ECF No. 49.  Plaintiff thereafter filed a surreply on September 30, 2015.  ECF No. 55.

In accordance with 28 U.S.C. § 636(b) (2012) and Local Civil Rule 73.02 (D.S.C.), the matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling.  On January 12, 2016, the Magistrate Judge entered a Report of Magistrate Judge.  ECF No. 57.[2]  The Magistrate Judge, relying on filed declarations of Michael Tindal, ECI Inmate Grievance Administrator, recounted that on February 11, 2015, Plaintiff had utilized ECI's electronic kiosk to send a message to SCDC staff that he was being held beyond his max-out date.  However, the message was not processed because Plaintiff already had been released from SCDC custody.

The Magistrate Judge observed that, according to Tindal, the next step after utilizing the kiosk is for the inmate to file a Step 1 Grievance and then Step 2 Appeal.  There is no record of Plaintiff filing a grievance or appeal regarding the calculation of his sentence.  The Magistrate Judge noted that Plaintiff has had experience with the SCDC grievance policy because he previously filed a medical grievance at a different institution.  The Magistrate Judge also took judicial notice that Plaintiff's sent correspondence to Defendant Sterling on January 30, 2015,[3] asking for assistance in getting credit for time served.  The letter was returned to Plaintiff on February 5, 2015, with instructions to enter his concerns through the kiosk system.

Based on this information, the Magistrate Judge determined that Plaintiff had failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002).  Accordingly, the Magistrate Judge recommended that the court grant

---

[2] The Magistrate Judge also noted that the court's adoption of the recommendation would render moot Plaintiff's motion for discovery, ECF No. 44.  *See* ECF No. 57 at 8, n. 4.

[3] The Report and Recommendation of the Magistrate Judge cites the date of the letter to Brian Sterling as January 3, 2015. The court finds this to be typographical error. The letter is dated January 30, 2015. *See Wells v. Eagleton*, 6:15-cv-00703-MBS, ECF No. 1-4.

Defendants' motion for summary judgment. ECF No. 57. On January 25, 2016, Plaintiff filed objections to the Report of Magistrate Judge. ECF No. 59.

## DISCUSSION

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Matthews v. Weber*, 423 U.S. 261, 270 (1976). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1) (2012).

Plaintiff objects to the Magistrate Judge's finding that "the plaintiff was clearly familiar with the SCDC grievance procedure as he previously utilized it by filing a Step 1 grievance and Step 2 appeal on another issue (see doc. 49-2, Tindal decl. ¶ 7; doc. 1 at 3)." ECF No. 57. Plaintiff argues that although he previously filed a Step 1 grievance and Step 2 appeal via paper while at another prison, he was unfamiliar with the kiosk system for filing grievances because his previous prison did not have the kiosk technology. ECF No. 59. Plaintiff asserts that it is wrong for the court to conclude that his previous paper filings indicate that he knew that he needed to file his formal grievance via paper. *Id.* Plaintiff further contends that he followed the directions provided by Defendant Sterling and, as a whole, the "inmate grievance system is confusing to the point of being ineffective." *Id.*

As the Magistrate Judge noted, administrative exhaustion is defined by each prison's grievance procedures and a prisoner must comply with his prison's grievance procedures to exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The court agrees with

Plaintiff that the fact that he filed a Step 1 grievance at another prison does not mean that he was familiar with the policies at ECI. Furthermore, it appears that Plaintiff attempted to follow the SCDC procedures as outlined by Director Sterling's office and did not receive a response to his informal grievance because he was transferred to another prison.

Nevertheless, the court finds that Plaintiff failed to exhaust his administrative remedies because he did not file a timely grievance to start the grievance process. As the Magistrate Judge noted, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  SCDC policy mandates:

> Inmates must make an effort to informally resolve a grievance by submitting a Request to Staff Member Form to the appropriate supervisor/staff within eight (8) working days of the incident.
>
> . . .
>
> If informal resolution is not possible, the grievant will complete Form 10- 5, Step 1, which is located in common areas, i.e., living areas, libraries, etc. and will place the form in a designated grievance drop box within five (5) working days of the alleged incident.

*See* SCDC Inmate Grievance System Policy, issued 5-12-2014.

In this matter, on January 4, 2015, Plaintiff wrote a Motion for Sentence Clarification, which was filed in the Spartanburg County Clerk of Court's Office on January 7, 2015. *See* ECF No. 1-2 at 6. In the Motion, Plaintiff alleges that "[t]he South Carolina Department of Correction[s], SCDC, has interpreted this sentence erroneously." *Id.* The court finds that at least by January 7, 2015, Petitioner was on notice that he had a grievance with SCDC. Plaintiff did not begin the informal resolution process within eight days or file his grievance within five days of being on notice that he had a grievance.[4] Accordingly, Plaintiff is procedurally barred from

---

[4]This applies to the January 30, 2015, letter to Brian Sterling and the February 11, 2015, filing in the kiosk system.

4

recovery.

**CONCLUSION**

For the reasons stated above, Defendants' motion for summary judgment, ECF No. 35, is

**granted**. Plaintiff's pending motion for discovery, ECF No. 44, is **denied as moot**.

    **IT IS SO ORDERED.**

                   /s/ Margaret B. Seymour
                   Margaret. B. Seymour
                   Senior United States District Judge

Columbia, South Carolina

March 31, 2016

**NOTICE OF RIGHT TO APPEAL**

    **Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**